IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

JUDITH ANN KELLY FAMILY TRUST,
by and through Co-Trustee Judith-Ann: Kelly, sui generis,

    Plaintiff,

Civil Action No.: _____

v.

PENNYMAC LOAN SERVICES, LLC; CROSSCOUNTRY MORTGAGE, LLC; MERSCORP HOLDINGS, INC.; GOVERNMENT NATIONAL MORTGAGE ASSOCIATION (GINNIE MAE); CONSUMER FINANCIAL PROTECTION BUREAU; ROGERS TOWNSEND, LLC; SEAN M. FOERSTER, ESQ.; JOSEPH KERSHAW SPONG, in his official capacity as Special Referee; and JOHN DOE DEFENDANTS 1-10,

    Defendants.

## COMPLAINT

### I. PARTIES

Plaintiff: JUDITH ANN KELLY FAMILY TRUST

Co-Trustee: Judith-Ann: Kelly, sui generis

Address:

JUDITH ANN KELLY FAMILY TRUST, Executor Office

Nation South Carolina.

General Post-Office 84012

Lexington. Kelly Province.

United States Minor, Outlying Islands.

Near. [29073-9998]

(678) 790-8425

Pro Se

Defendants: See Exhibit A – Defendant Identification and Addresses.

Defendants JOHN DOES 1–10 are persons and/or entities whose true names and capacities are presently unknown to Plaintiff but who participated in the fraudulent foreclosure scheme. Plaintiff will amend this Complaint to allege their true names and capacities when ascertained.

## II. JURISDICTION AND VENUE

This Court has jurisdiction under 28 U.S.C. § 1331 (federal question), 28 U.S.C. § 1343 (civil rights), 18 U.S.C. § 1964 (RICO), and supplemental jurisdiction under 28 U.S.C. § 1367. Venue is proper in this District as the property at issue and the actions complained of occurred in Lexington County, South Carolina.

## III. FACTUAL BACKGROUND

1. Plaintiff's mortgage loan originated with CrossCountry Mortgage, LLC and was later serviced by PennyMac Loan Services, LLC. The loan was registered with Mortgage Electronic Registration Systems (MERS) and allegedly securitized into Ginnie Mae pools.

1A. Plaintiff's property is presently the subject of a foreclosure action pending in the Lexington County Court of Common Pleas, Case No. 2023-CP-32-02327. This federal complaint arises from and relates to the same underlying loan and property, and asserts violations of federal law and constitutional protections stemming from those proceedings.

2. Assignments recorded in the Lexington County Register of Deeds are defective, incomplete, and break the chain of title.

2A. Plaintiff notes that Judith Ann Kelly, the original signatory to the mortgage instrument, executed said document solely in the capacity of Grantor, granting only a limited security interest in the property and not a transfer of ownership. The conveyance expressly created a lien interest, not an absolute title. Subsequently, all rights, title, and interests in said property were lawfully transferred into the JUDITH ANN KELLY FAMILY TRUST, which now holds both legal and equitable ownership. Any claim by Defendants of superior title or ownership is void *ab initio* and contrary to the original Grantor's intent and recorded instruments.

3. Plaintiff has filed multiple motions in state court, including Motions to Dismiss, Counterclaims, and a Motion to Cancel Lis Pendens. Despite these, Defendants have pressed forward with foreclosure proceedings.

4. On September 25, 2025, Plaintiff appeared before Judge Kelsey for a scheduled hearing on pending motions. Prior to the hearing, Defendants' attorneys at Rogers Townsend submitted a proposed order, signed by a Deputy Clerk, which contained a

single sentence stating that Special Referee Spong had 'agreed to hear the case.' This language created the appearance of ex parte communication between opposing counsel and Referee Spong. Relying on this irregular proposed order, Judge Kelsey refused to hear or rule on Plaintiff's pending motions, stating instead that the matter had been transferred to the referee and Plaintiff could appeal later. Plaintiff had not consented to such a transfer as required under Rule 53(b), SCRCP. This deprived Plaintiff of a meaningful hearing and a fair adjudication of the Trusts claims.

5. Plaintiff has demanded production of the original promissory note. Defendants have only produced copies and a loose allonge not permanently affixed to the note.

6. Plaintiff filed multiple SEC whistleblower complaints regarding fraudulent securitization practices:

- 17067-246-345-558 (January 31, 2024)
- 17168-745-988-188 (May 28, 2024)
- 17169-706-273-573 (May 29, 2024)

On January 23, 2025, the SEC acknowledged Plaintiff's FOIA request regarding these matters under tracking number 25-01328-FOIA, demonstrating the federal significance of these claims.

7. Plaintiff incorporates by reference her three pending SEC Whistleblower Complaints and related FOIA request (Tracking No. 25-01328-FOIA) as Exhibits E and I. These filings detail systemic violations of federal securities, banking, and consumer-protection laws by PennyMac Loan Services, CrossCountry Mortgage, MERSCORP Holdings, and Ginnie Mae. These complaints, submitted under the SEC

Whistleblower Program pursuant to 15 U.S.C. § 78u-6, are integral to the allegations herein and demonstrate the federal nexus of the claims asserted.

## IV. SUMMARY OF CLAIMS

Defendants, acting jointly and severally, have engaged in a fraudulent and unlawful scheme involving wrongful foreclosure, fraudulent assignments, concealment of material facts, violations of federal consumer protection laws, civil rights violations under color of law, and racketeering activity. Plaintiff brings this action to quiet title, to enjoin further foreclosure proceedings, and to recover damages.

## V. CAUSES OF ACTION

### Count I – Fraud in the Concealment

Defendants concealed material facts from Plaintiff, including the unlawful securitization of Plaintiff's mortgage loan into Ginnie Mae pools without proper assignment of the note, the use of MERS to mask true ownership, and the absence of the original promissory note. These omissions were intentional and designed to induce reliance on false representations of standing, resulting in injury to Plaintiff.

### Count II – Unconscionable Contracts / Failure to Disclose

The mortgage contract was unconscionable because material terms and risks were not disclosed, including securitization, separation of the note and mortgage, and hidden servicing arrangements. Defendants failed to provide accurate disclosures under TILA and RESPA, and concealed the existence of fee structures and transfers.

Plaintiff was denied meaningful choice, and the resulting obligations are oppressive and unfair.

### Count III – Breach of Fiduciary Duty

Defendants owed Plaintiff a fiduciary duty to act in good faith in loan servicing, assignment, and foreclosure proceedings. Instead, they acted for their own financial gain, misrepresenting ownership of the note, failing to credit payments properly, and proceeding with foreclosure despite lacking standing.

### Count IV – Intentional Infliction of Emotional Distress

Defendants engaged in extreme and outrageous conduct by filing false foreclosure documents, submitting defective orders, and advancing proceedings without discovery or rulings. This conduct caused Plaintiff severe emotional distress including anxiety, loss of sleep, and fear of losing the Trusts home.

### Count V – Slander of Title

Defendants recorded false assignments and affidavits in the Lexington County ROD, clouding title and damaging the Trust's ownership interest. These false filings included an invalid allonge not affixed to the original note and robo-signed documents. Such publications were malicious and impaired Plaintiff's title.

### Count VI – Wrongful Foreclosure

Defendants lack standing to foreclose because they cannot produce the original note, relied on a defective allonge, and failed to establish a lawful chain of title.

Proceeding with foreclosure violates both South Carolina law and Plaintiff's federal due process rights.

### Count VII – Fraud and Deception on the Court

Defendants knowingly filed and relied on false pleadings, including a proposed order signed by a Deputy Clerk containing language that Referee Spong had 'agreed' to hear the case. This created the appearance of ex parte communication and misled Judge Kelsey into refusing to rule on Plaintiff's pending motions. Additionally, PennyMac submitted the affidavit of Christine D'Angelo, which lacks personal knowledge, constitutes hearsay, and fails under the Best Evidence Rule. These actions constitute fraud upon the court.

### Count VIII – FDCPA / RESPA / TILA Violations

PennyMac and Rogers Townsend violated the FDCPA by attempting to collect a debt not owed and misrepresenting the debt's character. Defendants ignored Plaintiff's Qualified Written Requests under RESPA and failed to make mandatory disclosures under TILA. Plaintiff's written disputes were disregarded, resulting in statutory and actual damages.

### Count IX – Violation of Civil Rights (42 U.S.C. § 1983 – Due Process/Equal Protection)

Plaintiff was deprived of the Trusts rights when Judge Kelsey refused to hear pending motions based on Defendants' fraudulent proposed order. Plaintiff did not consent to transfer under Rule 53(b), and was told instead to proceed before a referee or appeal later. This deprived Plaintiff of due process and equal protection by denying access to a fair tribunal and impartial judge.

### Count X – Civil Conspiracy (42 U.S.C. § 1985)

Rogers Townsend, by submitting a defective proposed order with ex parte language, and Judge Kelsey, by deferring to it, acted in concert to deprive Plaintiff of constitutional rights. The conspiracy was designed to ensure foreclosure regardless of legality or due process.

### Count XI – Civil RICO (18 U.S.C. § 1962)

Defendants formed an enterprise engaging in a pattern of racketeering activity, including mail fraud, wire fraud, bank fraud, and securities fraud. Predicate acts include the mailing of a defective proposed order, the submission of fraudulent affidavits, and concealment of securitization fraud. Plaintiff's SEC whistleblower complaints confirm these fraudulent schemes are under federal review.

### Count XII – Declaratory & Injunctive Relief

Plaintiff seeks declaratory judgment that Defendants have no valid interest in the mortgage or note, that foreclosure proceedings are void, and that title is quieted. Plaintiff also seeks injunctive relief halting foreclosure, eviction, or further collection activity pending resolution, including a TRO and preliminary injunction.

## VI. CONSTITUTIONAL DEMAND FOR RESTORATION OF RIGHTS, TITLE, AND INTERESTS

WHEREFORE, Plaintiff, acting under Constitutional right and private authority, lawfully demands that this Court:

1. Declare that Defendants lack any legal interest permitting foreclosure or eviction;
2. Quiet title in favor of Plaintiff;

3. Issue a Temporary Restraining Order (TRO) and Preliminary Injunction halting foreclosure proceedings;

4. Award compensatory and punitive damages in excess of $1,000,000, trebled under RICO;

5. Award attorney's fees and costs under 42 U.S.C. § 1988 and applicable statutes;

6. Take judicial notice of Plaintiff's SEC complaints and allow amendment as SEC determinations are issued;

7. Grant such other relief in law or equity as this Court deems just and proper.

This filing is made in good faith under Article III and the Fifth and Fourteenth Amendments to the United States Constitution, and on behalf of the private JUDITH ANN KELLY FAMILY TRUST as the injured party and rightful titleholder.

## VII. CERTIFICATION UNDER RULE 11

I certify under Federal Rule of Civil Procedure 11 that this Complaint is not presented for an improper purpose, that the claims are warranted by existing law or by a nonfrivolous argument for extending or modifying the law, that the factual contentions have evidentiary support or will likely have support after discovery, and that this Complaint complies with the requirements of Rule 11.

Respectfully submitted under Constitutional right and private authority,

*Judith-Ann: Kelly* ™

Judith-Ann: Kelly, sui generis

Co-Trustee, JUDITH ANN KELLY FAMILY TRUST

c/o 408 Cannongate Court

Lexington, SC 29073

JUDITH ANN KELLY FAMILY TRUST, Executor Office

General Post-Office 84012

Lexington. Kelly Province.

United States Minor, Outlying Islands.

Near. [29073-9998]

(678) 790-8425

Pro Se