IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Judith Ann Kelly Family Trust, *by and through Co-Trustee Judith-Ann: Kelly, sui generis*, <br><br> Plaintiff, <br><br> v. <br><br> PennyMac Loan Services, LLC; Cross Country Mortgage, LLC; Merscorp Holdings, Inc.; Government National Mortgage Association; Consumer Financial Protection Bureau; Rogers Townsend, LLC; Sean M. Foerster, Esq.; Joseph Kershaw Spong, *in his official capacity as Special Referee;* John Doe Defendants 1-10, <br><br> Defendants. | C/A No. 3:25-cv-12852-JFA-PJG <br><br><br><br> **MEMORANDUM OPINION AND ORDER** |

## I.    INTRODUCTION

Judith Ann Kelly Family Trust, ("Plaintiff"), proceeding pro se, brings this case challenging a state foreclosure action. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), the case was referred to the Magistrate Judge for initial review.

After reviewing Plaintiff's Complaint, (ECF No. 1), Plaintiff's Motion for a Temporary Restraining Order, (ECF No. 4), and Plaintiff's Motion to Expedite Review of the Motion for the Temporary Restraining Order, (ECF No. 5), the Magistrate Judge assigned to this action prepared a thorough Report and Recommendation ("Report"). (ECF

No. 19). Within the Report, the Magistrate Judge opines that this matter should be summarily dismissed for Plaintiff's failure to comply with a court order. *Id.* Further, the Report recommends that this Court deny Plaintiff's Motion for a Temporary Restraining Order in light of its recommendation the matter be summarily dismissed, or alternatively because the Complaint should be dismissed as frivolous. *Id.* The Report sets forth, in detail, the relevant facts and standards of law on this matter, and this Court incorporates those facts and standards without a recitation. *Id.*

Plaintiff filed objections to the Report. (ECF Nos. 24 & 25). This matter is ripe for review.

## II.     STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976).  A district court is only required to conduct a *de novo* review of the specific portions of the Magistrate Judge's Report to which an objection is made. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); *Carniewski v. W. Virginia Bd. of Prob. & Parole*, 974 F.2d 1330 (4th Cir. 1992). In the absence of specific objections to portions of the Magistrate's Report, this Court is not required to give an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Thus, the Court must only review those portions of the Report to which Petitioner has made a specific written objection. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 316 (4th Cir. 2005).

2

"An objection is specific if it 'enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Dunlap v. TM Trucking of the Carolinas, LLC*, No. 0:15-cv-04009-JMC, 2017 WL 6345402, at *5 n.6 (D.S.C. Dec. 12, 2017) (citing *One Parcel of Real Prop. Known as 2121 E. 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996)). A specific objection to the Magistrate Judge's Report thus requires more than a reassertion of arguments from the complaint or a mere citation to legal authorities. *See Workman v. Perry*, No. 6:17-cv-00765-RBH, 2017 WL 4791150, at *1 (D.S.C. Oct. 23, 2017). A specific objection must "direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

"Generally stated, nonspecific objections have the same effect as would a failure to object." *Staley v. Norton*, No. 9:07-0288-PMD, 2007 WL 821181, at *1 (D.S.C. Mar. 2, 2007) (citing *Howard v. Secretary of Health and Human Services*, 932 F.2d 505, 509 (6th Cir. 1991)). The Court reviews portions "not objected to—including those portions to which only 'general and conclusory' objections have been made—for *clear error*." *Id.* (citing *Diamond*, 416 F.3d at 315; *Camby*, 718 F.2d at 200; *Orpiano*, 687 F.2d at 47) (emphasis added).

### III.   DISCUSSION

As stated above, the relevant facts and standards of law on this matter are incorporated from the Report and therefore a full recitation is unnecessary here. (ECF No. 19). In short, Plaintiff alleges that Defendants "have engaged in a fraudulent and unlawful scheme involving foreclosure, fraudulent assignments, concealment of material facts,

violations of federal consumer protection laws, civil rights violations under color of law, and racketeering activity" related to a foreclosure action pending in state court, *PennyMac Loan Services, LLC v. Kelly,* Case No. 2023-CP-32-02327. (ECF No. 1 at pp. 3–5). The Report recommends that this case be summarily dismissed for Plaintiff's failure to comply with a court order under Fed. R. Civ. P. 41, or alternatively because the Complaint is frivolous. (ECF No. 19).

Plaintiff filed this action on behalf of itself, a trust, and "Co-Trustee: Judith-Ann." (ECF No. 1, p. 1). On October 17, 2025, the Magistrate Judge issued an order informing Plaintiff that a trustee cannot represent a trust *pro se* in federal court. (ECF No. 9). The order allowed Plaintiff thirty-five days to obtain counsel and warned that Plaintiff's failure to comply within the time permitted would subject the case to dismissal for failure to prosecute and for failure to comply with a court order. *Id.* Rather than comply with the order, Plaintiff filed a "Motion to Amend Caption and Realign Plaintiff," requesting to substitute "Judith-Ann: Kelly" as the plaintiff, rather than Judith Ann Kelly Family Trust. (ECF No. 11). Plaintiff averred in this motion, (ECF No. 11) that Judith-Ann: Kelly, may proceed in her individual capacity and accordingly a lawyer need not be obtained because she is the "real party in interest to the transactions, property, and controversies described in the Complaint." *Id.* The Magistrate Judge denied Plaintiff's Motion and issued the Report recommending the matter be summarily dismissed because the Complaint concerns a foreclosure action on property that Plaintiff alleges is lawfully owned by Judith-Ann Kelly Family Trust, not "Judith-Ann: Kelly" in her individual capacity. (ECF No. 1). Further, the Complaint specifically alleges violations of the Trust's legal rights, not

"Judith-Ann: Kelly's" rights. *Id.* Thus, the Report determined that because the action was brought on behalf of a trust's legal interests, and changing the name of the plaintiff would not alter the substantive averments of the suit, Plaintiff failed to comply with the court order to obtain counsel. (ECF No. 19, p. 4).

Plaintiff enumerated four separate objections in response to this Report. (ECF No. 25). Each objection is addressed herein.

Plaintiff's first and second objections argue that the Report erred by "mischaracteriz[ing] Plaintiff's litigation capacity," and that "dismissal is disproportionate to any procedural defect" which may be remedied by allowing Plaintiff to amend the complaint. *Id.* at pp. 3–5, 7.

Plaintiff argues that if the Complaint was amended, Judith-Ann: Kelly would be permitted to represent herself in her individual capacity and there would no longer be an issue of *pro se* representation of the Trust. "Plaintiff affirms unequivocally that she does not seek to represent any trust as a separate legal entity in this action. Plaintiff instead asserts claims in her individual capacity arising from alleged personal injuries and legal harms …" *Id.* at 3.

After performing a *de novo* review of Plaintiff's Motion, her objections are overruled and her request to amend the Complaint is denied. While Plaintiff seeks to amend the Complaint, she fails to indicate there has been any change in ownership of the subject property. The Complaint unequivocally states that "all rights, title, and interests in said property were lawfully transferred into the Judith Ann Kelly Family Trust, which now holds both legal and equitable ownership." (ECF No. 1, p. 3). Further, the Complaint

expressly provides that the Trust's rights were violated. Unless a change in circumstances has occurred of which the Court is not aware, such as a change in ownership of the subject property, changing the name of Plaintiff whether by a "Motion to Amend Caption and Realign Plaintiff," or by amendment of the Complaint would not alter the substantive averments of the suit.

As the Magistrate Judge cautioned, a trust may not be represented pro se. *Thompson v. RTO Nat'l LLC*, No. CV 5:25-9183-SAL-PJG, 2025 WL 3149657, at *2 (D.S.C. Sept. 29, 2025), *report and recommendation adopted*, No. 5:25-CV-9183-SAL, 2025 WL 2962864 (D.S.C. Oct. 20, 2025) ("Every court of appeals to address the issue has found that the rule barring litigants from appearing *pro se* on behalf of an artificial entity specifically bars trustees from appearing *pro se* on behalf of a trust.") Despite the Magistrate Judge's clear and unequivocal warning that failure to comply with her order to obtain counsel "[would] subject this case to dismissal for failure to prosecute or failure to comply with a court order under Rule 41 of the Federal Rules of Civil Procedure," (ECF No. 9), Plaintiff did not obtain counsel. Accordingly, upon conducting a *de novo* review, this Court finds no error in the Magistrate Judge's recommendation that this matter be dismissed without prejudice and without service of process for failure to comply with a court order. Consequently, Plaintiff's motion for a temporary restraining order is denied in light of the Court's determination the matter is summarily dismissed.

The remainder of Plaintiff's objections address the Report's alternative rulings that the matter be dismissed as frivolous and that the requested injunctive relief sought is barred by the Anti-Injunction Statue. In light of this Court's determination the matter is subject to

summary dismissal for Plaintiff's failure to comply with the court order, these objections as well as the Report's alternative rulings are moot.

## IV.     CONCLUSION

After a thorough review of the Report, the applicable law, and the record of this case, the Court finds no clear error in the Report. After a *de novo* review of each part of the Report to which Plaintiff specifically objected, the Court hereby adopts the Report and Recommendation. (ECF No. 19). Consequently, the Complaint is dismissed without prejudice and issuance and service of process.

IT IS SO ORDERED.

April 9, 2026                                      Joseph F. Anderson, Jr.
Columbia, South Carolina                 United States District Judge